NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE TERMINATION OF PARENTAL RIGHTS AS TO G.L., K.L, D.L, G.L., and J.L.

No. 1 CA-JV 24-0107

FILED 04-01-2025

Appeal from the Superior Court in Maricopa County
No. JD42635
The Honorable Gregory Como, Judge

**AFFIRMED**

COUNSEL

David W. Bell Attorney at Law, Higley
By David W. Bell
*Counsel for Appellant Mother*

Maricopa County Office of the Public Advocate, Mesa
By Seth Draper
*Counsel for Appellant Father*

Arizona Attorney General's Office, Mesa
By Ingeet Pandya
*Counsel for Appellee DCS*

Law Office of Marcus F. Westervelt, Phoenix
By Marcus F. Westervelt
*Counsel for Appellee Children*

---

**MEMORANDUM DECISION**

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Daniel J. Kiley and Judge David D. Weinzweig joined.

---

**C A T L E T T**, Judge:

¶1  Amanda L. ("Mother") appeals the juvenile court's order denying her motion to continue the termination hearing. Because the juvenile court did not abuse its discretion in denying Mother's motion, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2  Mother and Heath L.[1] ("Father") (together, "the Parents") were married and shared five children. In February 2023, the Department of Child Safety ("Department") filed a dependency petition alleging the Parents neglected their children by not providing a stable living environment. The Department also alleged the Parents were unable to safely parent due to substance abuse.

¶3  While the dependency petition was pending, the Department offered various services to Mother, including substance abuse assessment and treatment. Mother completed two drug tests, both of which came back positive for methamphetamine and fentanyl. But Mother did not schedule an appointment for substance abuse assessment and treatment at that time. In May 2023, the juvenile court found the children dependent.

¶4  Three months later, the juvenile court ordered Mother to submit to hair follicle drug testing. She did not do so. In September 2023, Mother completed a substance abuse assessment and received a recommended treatment plan, but she did not follow through with that plan. The Department also referred Mother to services to help find employment and housing for her family, but she did not engage with those services. Mother also did not submit to drug testing during this time.

---

[1]  We address Father's appeal in a separate opinion. *See* Ariz. R. Civ. App. P. 28(c); Ariz. R. Sup. Ct. 111(h).

**¶5**　　　　In January 2024, the juvenile court changed the case plan from family reunification to termination and adoption. The Department petitioned to terminate Mother's rights, alleging she could not discharge parental responsibilities due to prolonged substance abuse and the children had been in an out-of-home placement for nine months. *See* A.R.S. § 8-533(B)(3), (8)(a). The court scheduled an initial termination hearing for February 15, 2024, and a full-blown termination hearing for May 8, 2024.

**¶6**　　　　The day after the juvenile court changed the case plan, Mother went to a recovery center and completed a seven-day drug detox treatment. In February 2024, a different facility discharged Mother from another detox treatment. The Department again referred Mother to services for substance abuse assessment and treatment, but she did not participate. In April 2024, Mother tested positive for methamphetamine and fentanyl.

**¶7**　　　　About two weeks before the May 2024 termination hearing, Mother requested a sixty-day continuance, asserting that her recent participation in services gave rise to extraordinary circumstances warranting a continuance. *See* Ariz. R.P. Juv. Ct. 353(b)(4). The court denied Mother's request, proceeded with the termination hearing as scheduled, and terminated Mother's parental rights.

**¶8**　　　　Mother timely appealed. We have jurisdiction. *See* A.R.S. § 8-235(A), 12-120.21(A)(1), 12-2101(A)(1).

## DISCUSSION

**¶9**　　　　Mother appeals only the denial of her motion to continue. Mother argues the court abused its discretion because, by the time of trial, she was participating in substance abuse treatment, and her circumstances began improving.

**¶10**　　　　We view the evidence in the light most favorable to sustaining the juvenile court's decision, *Jesus M. v. Arizona Dep't of Econ. Sec.*, 203 Ariz. 278, 282 ¶ 13 (App. 2002), and review the denial of a motion to continue for an abuse of discretion. *See Yavapai Cnty. Juv. Action No. J-9365*, 157 Ariz. 497, 499 (App. 1988).

**¶11**　　　　Arizona Rule of Procedure for the Juvenile Court 353(b)(2) provides that a contested termination hearing must occur "no later than 90 days after the initial termination hearing." But the juvenile court "may continue the hearing for no more than 30 days beyond the 90-day limit if it finds that the continuance is necessary for the full, fair, and proper presentation of evidence and the best interests of the child would not be

adversely affected[.]"  Ariz. R.P. Juv. Ct. 353(b)(3).  The court may also continue the hearing for a longer period after finding "extraordinary circumstances." Ariz. R.P. Juv. Ct. 353(b)(4).  The party requesting a continuance must identify the extraordinary circumstances "no later than 5 days after discovering them."  Ariz. R.P. Juv. Ct. 353(b)(4).

**¶12**        Because Mother contested termination and the initial termination hearing occurred on February 15, 2024, the court had to hold the final termination hearing no later than May 15, 2024.  *See* Ariz. R.P. Juv. Ct. 353(b)(2).  At the time of Mother's motion, the court had scheduled the termination hearing for May 8, 2024.  Because Mother requested a sixty-day continuance from that date, she needed to provide evidence from which the court could find extraordinary circumstances.  *See* Ariz. R.P. Juv. Ct. 353(b)(4).  Mother argued that her "newly found quest for sobriety" and "recent participation in services" warranted a sixty-day continuance.

**¶13**        The juvenile court properly denied a continuance.  Mother had ample time to address her substance abuse issues before termination—the Department referred her to services, including substance abuse treatment and drug testing, on several occasions.  Despite this, Mother did not take steps to address her issues until the case plan changed in January 2024, almost a year after the Department intervened.  Mother completed only three drug tests during this case—all of which were positive for illegal substances—with the last positive test occurring only a month before trial.  That Mother began making progress towards recovery a short time before the termination hearing did not constitute extraordinary circumstances justifying a sixty-day continuance.  The juvenile court did not abuse its discretion.

## CONCLUSION

**¶14**        We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:              JR